Contracts; changed conditions; subswrface conditions differing from indications in contract; acceleration of performance. — Plaintiff seeks review under Wunderlich Act standards of adverse portions of decisions of two panels of the General Services Administration Board of Contract Appeals with respect to contract for construction of a one-story Internal Bevenue Service building and appurtenances. The first *568 panel ruled that the actual soil encountered was not sufficiently different from that represented in the contract specifications to constitute a changed condition entitling plaintiff to added compensation, but that having to cope with unexpected subsurface ground water was. The second panel ruled that the contracting officer’s directive to complete the contract by the original contract date was not an acceleration order because plaintiff was then already substantially behind schedule and had not made an adequate showing that the contract modifications required the extensions requested; the panel also found, inter alia, that plaintiff’s acceleration efforts were only sufficient to offset its own delays. On August 21, 1975 Trial Judge Philip R. Miller filed a recommended decision (reported in full at 21 CCF para. 84202) holding that the decision of the first panel that there was no changed condition respecting the actual soil encountered was arbitrary and capricious; and reviewing and making recommendations respecting the acceleration claim as set forth at length in said decision. This case came before the court on plaintiff’s request for review by the court of said decision, and on January 5, 1977, by order, the court adopted and affirmed the decision as the basis for its judgment in this case. Pursuant to 28 U.S.C. § 1491, as amended by Pub. L. 92-415, 86 Stat. 652, and Rule 149 of this court, the court remanded this matter to the General Services Administration Board of Contract Appeals for a period not in excess of 6 months for further consideration and amendment of its findings and decisions consistent with the said recommended decision; and the court stayed proceedings pending completion of the remand proceedings. Plaintiff’s motion for rehearing en banc was denied May 27,1977.